McMORAN, O'CONNOR, BRAMLEY & BURNS, PC
Ramshorn Executive Centre
2399 Highway 34, Suite D-1
Manasquan, New Jersey 08736
(732) 223-7711
jburns@mcmoranlaw.com
moconnor@mcmoranlaw.com
Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DEBRA GLEASON, on behalf of herself
and all others similarly situated,

        Plaintiffs,

        vs.

OCEANFIRST BANK, N.A.,
OCEANFIRST FINANCIAL CORP. and
JANE/JOHN DOE 1-5,

        Defendants.

Civil Action No.:

**COLLECTIVE / CLASS ACTION
COMPLAINT AND JURY DEMAND**

DEBRA GLEASON, residing in Manasquan, New Jersey, on behalf of herself

and all others similarly situated, by way of Collective / Class Action Complaint

against defendants OceanFirst Bank, N.A., OceanFirst Financial Corp. and

Jane/John Doe 1-5 (collectively "Defendants"), says:

## NATURE OF THE CASE

1.     This action is brought by plaintiff Debra Gleason ("Plaintiff")

individually and on behalf of all others similarly situated to remedy Defendants'

violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, the

-1-

New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a *et seq.* and the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq.*

## JURISDICTION AND VENUE

2.    The Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the action arises under a law of the United States of America, *i.e.*, the FLSA, 29 U.S.C. § 201 *et seq.*

3.    The Court has supplemental jurisdiction over the state law NJWHL and NJWPL claims under 28 U.S.C. § 1367 because the state law claims and the FLSA claims are related and form part of the same case or controversy.

4.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims occurred in New Jersey.

5.    Venue is proper in this district because Plaintiff is a resident of New Jersey and worked for Defendants in this district.

6.    Venue is proper in this district because a majority of the Class Members reside in New Jersey and work or worked for Defendants in this district.

7.    Venue is proper in this district because Defendants maintain their headquarters in New Jersey, regularly conduct business in this district, maintain several physical banking locations in this district, provide banking services to customers who reside in this district and employ individuals who live in this district.

8.     Venue is proper in this district because a majority of the injuries resulting from Defendants' unlawful conduct were incurred by Plaintiff and the Class Members in New Jersey.

## THE PARTIES

9.     Debra Gleason ("Plaintiff") is a citizen and resident of Manasquan, New Jersey and a former employee of defendants OceanFirst Bank, N.A. and OceanFirst Financial Corp.

10.    Plaintiff worked for defendants OceanFirst Bank, N.A. and OceanFirst Financial Corp. in the state of New Jersey.

11.    At all relevant times, OceanFirst Bank, N.A. and OceanFirst Financial Corp. functioned as an integrated enterprise with common ownership, finances and management.

12.    OceanFirst Bank, N.A. and OceanFirst Financial Corp. shall be referred to collectively herein as "OceanFirst."

13.    OceanFirst is a Delaware corporation with its headquarters / principal place of business located in Red Bank, New Jersey.

14.    OceanFirst markets itself as a full service bank that offers a full range of financial services, including loan origination, personal and business banking, digital banking tools, commercial financing solutions, treasury management and general banking services.

-3-

15.     OceanFirst maintains and operates more than forty (40) physical banking locations throughout the State of New Jersey.

16.     OceanFirst also maintains and operates five (5) physical banking locations in New York, four (4) physical banking locations in Pennsylvania, one (1) physical banking location in Maryland and one (1) physical banking location in Massachusetts.

17.     Plaintiff was employed as a Loan Officer by OceanFirst in New Jersey from January 1, 2020 until her termination on December 19, 2025.

18.     Prior to her employment with OceanFirst, Plaintiff was employed by Two River Community Bank since September 2010.  OceanFirst acquired Two River Community Bank in or around January 2020, at which point Plaintiff became employed by OceanFirst.

19.     Defendants Jane/John Doe 1-5 ("Doe Defendants") are currently unknown individuals who are the (i) owners, principals and/or officers of OceanFirst, (ii) agents who were authorized to manage OceanFirst and/or (iii) individuals who were authorized to act directly or indirectly on behalf of and in the interest of OceanFirst with respect to Plaintiff and other employees.

20.     The Doe Defendants are citizens and residents of New Jersey.

-4-

## THE CLASSES

21.    The Class of similarly situated plaintiffs for the purposes of claims under the FLSA ("FLSA Class Members") is defined as "Loan Officers employed by OceanFirst nationwide for any period of time from May 2023 to the present[1] who were (i) misclassified by the company as 'exempt,' (ii) paid less than at least the minimum wage for all hours worked and/or (iii) not paid overtime for all hours worked over 40 hours per week."

22.    The Class of similarly situated plaintiffs for the purposes of claims under the NJWHL and/or the NJWPL ("NJ Class Members") is defined as "Loan Officers employed by OceanFirst in the State of New Jersey for any period of time from May 26, 2020 to the present[2] who were (i) misclassified by the company as 'exempt,' (ii) paid less than at least the minimum wage for all hours worked and/or (iii) not paid overtime for all hours worked over 40 hours per week."[3]

23.    Where appropriate, the "FLSA Class Members" and "NJ Class Members" are referred to collectively herein as "Class Members."

24.    Plaintiff and the FLSA Class Members performed Loan Officer services for OceanFirst in the United States.

---

[1] Because Defendants' violations of the Fair Labor Standards Act were willful, the statute of limitations to bring a claim under the FLSA is three years. See 29 U.S.C. § 255(a).

[2] The statute of limitations to bring a claim under the New Jersey Wage and Hour Law and the New Jersey Wage Payment Law is six years. See N.J.S.A. 34:11-56a25.1.

[3] Plaintiff reserves the right to amend these definitions as necessary.

25.     Plaintiff and the NJ Class Members performed Loan Officer services for OceanFirst in the State of New Jersey.

26.     Defendant OceanFirst is an "employer" of Plaintiff and the FLSA Class Members within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203.

27.     Defendant OceanFirst is an "employer" of Plaintiff and the NJ Class Members as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a1 and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1.

28.     Doe Defendants are an "employer" of Plaintiff and the FLSA Class Members within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203.

29.     Doe Defendants are an "employer" of Plaintiff and the NJ Class Members as defined by the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a1 and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1.

30.     OceanFirst and Doe Defendants are referred to collectively herein as "Defendants."

## DEFENDANTS UNLAWFULLY MISCLASSIFY PLAINTIFF AND THE CLASS MEMBERS AS "EXEMPT" EMPLOYEES

31.     Defendants hired Plaintiff and the Class Members to perform the non-exempt tasks of soliciting and selling mortgage loans to Defendants' customers.

32.     Plaintiff and the Class Members are similarly situated, had substantially similar job duties, had substantially similar compensation provisions and are all subject to Defendants' unlawful wage policies and practices as described herein.

33.    OceanFirst's written Job Description for the Loan Officer position misrepresented that the employees were "exempt" under the "FLSA," which is a reference to the Fair Labor Standards Act.

34.    OceanFirst's written Job Description for the Loan Officer position identifies the "Essential Duties and Responsibilities" as follows:

(1)    Originates mortgage loans by developing and establishing real estate industry contacts.

(2)    Supports local real estate associations by attending designated functions as required acting as public relations office of the bank.

(3)    Maintains a strong knowledge of all Bank products and services and cross sells services to mortgage loan clients.

(4)    Works to establish and meet residential loan and cross sell referral sales goals in conjunction with departmental goals.

(5)    Keep informed on current real estate market trends and the rules, regulations, & upcoming changes pertaining to residential mortgages.

(6)    Meets average monthly sales goals as assigned by Sales Manager.

(7)    Interviews prospective residential mortgage loan applicants.

(8)    Prepares loan applications, submits loans into process through laptop computer and follows up on all loans in process.

(9)    Maintains communications with all parties involves as to loan status.

(10)    Software used: Encompass.

35.    OceanFirst's written Job Description for the Loan Officer position also states that position would work in an "office environment" that would require the Loan Officer to have the ability to "exchange simple to complex information with individuals and groups" and "travel throughout the Bank footprint."

36.    At all relevant times, OceanFirst neither implemented nor maintained a wage policy applicable to Plaintiff and/or the Class Members that paid them a salary or guaranteed them a minimum set wage each week.

37.    Plaintiff and the Class Members did not receive compensation at a set minimum each work week, and in fact, received no wages in multiple work weeks.

38.    At no time did Plaintiff and/or the Class Members have responsibility for hiring or firing employees of OceanFirst.

39.    At all times relevant to this action, Plaintiff and the Class Members did not perform any meaningful or typical managerial and/or supervisory duties for OceanFirst.

40.    Based on their written Job Description, actual job duties and the method in which they were paid, Plaintiff and the FLSA Class Members are not exempt under the Fair Labor Standards Act, 29 U.S.C. § 213.

41.    Based on their written Job Description, actual job duties and the method in which they were paid, Plaintiff and the NJ Class Members are not exempt under

-8-

either the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.*, or the Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 *et seq.*

## DEFENDANTS FAIL TO PAY PLAINTIFF AND THE CLASS MEMBERS FOR ALL HOURS WORKED AT THE MINIMUM WAGE

42.    OceanFirst paid Plaintiff and the Class Members via commissions only pursuant to a written commission agreement.

43.    OceanFirst did not pay Plaintiff and the Class Members a base hourly rate, draw, salary or compensation at a set minimum each work week.

44.    Because Defendants misclassified Plaintiff and all Class Members as exempt employees, OceanFirst did not require Plaintiff and the Class Members to clock in or out of work or otherwise track their hours of work.

45.    Despite not tracking Plaintiff's and the Class Members' actual hours of work, Defendants inputted 40 hours of work per week on their pay stubs.

46.    Plaintiff and the Class Members routinely worked more than 40 hours per week.

47.    Despite Plaintiff and the Class Members routinely working 40 or more hours per week, OceanFirst failed to compensate them for all hours worked at the rate of at least the minimum wage.

48.    In fact, during certain pay periods in which Plaintiff and/or the Class Members had worked 80 or more hours during that two-week pay period, OceanFirst failed to pay them any wages for that pay period.

49.     For example, for the pay period beginning on December 4, 2023 and ending on December 17, 2023, OceanFirst paid Plaintiff $0, despite the fact that her pay stub reflected she worked 80 hours that period (Plaintiff actually worked more than 80 hours that pay period).

50.     As another example, for the pay period beginning on January 15, 2024 and ending on January 28, 2024, OceanFirst again paid Plaintiff $0, despite the fact that her pay stub reflected she worked 80 hours that period (Plaintiff actually worked more than 80 hours that pay period).

51.     Similarly, despite Plaintiff and the NJ Class Members routinely working 40 or more hours per week in the state of New Jersey, OceanFirst failed to compensate them for all hours worked at New Jersey's minimum wage.

52.     For example, during the pay period beginning on August 28, 2023 and ending on September 10, 2023, OceanFirst paid Plaintiff only $900, which was less than New Jersey's minimum wage for the 80 hours of work reflected on her pay stub (Plaintiff actually worked more than 80 hours that pay period).

53.     As another example, in the very next pay period beginning on September 11, 2023 and ending on September 24, 2023, OceanFirst paid Plaintiff only $650, which was less than New Jersey's minimum wage for the 80 hours of work reflected on her pay stub (Plaintiff actually worked more than 80 hours that pay period).

## DEFENDANTS FAIL TO PAY PLAINTIFF
## AND THE CLASS MEMBERS OVERTIME

54. Plaintiff and the Class Members routinely worked in excess of 40 hours per week for Defendants.

55. Defendants encouraged, permitted and/or required Plaintiff and the Class Members to work in excess of 40 hours per week.

56. During at least one workweek in the three years preceding the filing of this lawsuit, Plaintiff worked in excess of 40 hours in a workweek.

57. During at least one workweek in the three years preceding the filing of this lawsuit, each FLSA Class Member worked in excess of 40 hours in a workweek.

58. During at least one workweek in the six years preceding the filing of this lawsuit, Plaintiff worked in excess of 40 hours in a workweek.

59. During at least one workweek in the six years preceding the filing of this lawsuit, each NJ Class Member worked in excess of 40 hours in a workweek.

60. Plaintiff and the Class Members worked at OceanFirst's physical bank offices and their home offices during the day, evening and on the weekend.

61. Plaintiff routinely worked approximately 50 hours per week during her employment with OceanFirst, including her time working in OceanFirst's offices and at her home office during the day, evenings and on the weekends.

62.    During 2020 and 2021, Plaintiff worked approximately 60 to 65 hours per week due to extremely low interest rates and the resulting increased number of mortgage loans that she was originating.

63.    The Class Members also performed a significant amount of work at OceanFirst's offices and at their home office.

64.    OceanFirst was well aware that Plaintiff and the Class Members performed a significant amount of work from their home offices.

65.    In fact, OceanFirst provided Plaintiff and the Class Members with a work laptop computer that had remote access into OceanFirst's computer systems, as well as work email access on their personal cell phones, so that they could work from their home office.

66.    Defendants did not pay Plaintiff and the Class Members overtime pay at a rate of 1 and 1/2 times their regular hourly rate for all hours worked in excess of 40 hours per week.

67.    During at least one workweek in the three years preceding the filing of this lawsuit, OceanFirst failed to pay Plaintiff at the overtime rate for all hours worked in excess of 40 hours in a workweek.

68.    During at least one workweek in the three years preceding the filing of this lawsuit, OceanFirst failed to pay each FLSA Class Member at the overtime rate for all hours worked in excess of 40 hours in a workweek

69. During at least one workweek in the six years preceding the filing of this lawsuit, OceanFirst failed to pay Plaintiff at the overtime rate for all hours worked in excess of 40 hours in a workweek.

70. During at least one workweek in the six years preceding the filing of this lawsuit, OceanFirst failed to pay each NJ Class Member at the overtime rate for all hours worked in excess of 40 hours in a workweek.

71. Defendants intentionally and unlawfully misclassified Plaintiff and all Class Members as "exempt" from overtime so that it could avoid paying them overtime pay for all hours worked in excess of 40 hours per week.

## COLLECTIVE / CLASS ACTION STATUS IS APPROPRIATE

72. The Fair Labor Standards Act ("FLSA") specifically permits collective actions in which putative class members are provided notice of the collective action and are permitted to "opt into" the action. 29 U.S.C. § 216(b).

73. The New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a25. and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.10c. specifically permit class actions on an "opt-out" basis.

74. Fed. R. Civ. P. 23 permits Plaintiff to bring this class action on behalf of the Class Members.

75.    The Class Members for whose benefit this action is brought exceeds at least 50 Loan Officers and is so numerous that joinder of all members is impracticable.

76.    Although the precise number of Class Members is unknown by Plaintiff, these persons are known to Defendants, are readily identifiable and can be located through Defendants' records.

77.    There are questions of law and fact that are common to all members that predominate over questions impacting only individuals.    These common questions include:

- Whether Defendants unlawfully misclassified Plaintiff and the Class Members as exempt employees;

- Whether Defendants unlawfully failed to pay Plaintiff and the Class Members for all hours worked each week at a rate not less than the minimum wage;

- Whether Defendants unlawfully failed to pay Plaintiff and the Class Members overtime at a rate of 1 and 1/2 times their regular rate of pay for all hours worked in excess of 40 hours per week; and

- Whether Defendants' above-conduct violates the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a *et seq.* and/or the Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 *et seq.*

78.    Plaintiff has similar interests in this matter as the Class Members.

79.    Plaintiff has executed a Consent Form to join this litigation. See Ex. A.

80.    Plaintiff's claims are typical of the claims of the Class Members, in that they performed similar Loan Officer job duties for Defendants and were subject to the same unlawful wage policies set forth herein.

81.    Plaintiff will fairly and adequately represent the interests of the Class Members and has retained competent counsel experienced in this type of action.

82.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.

83.    A class action will avoid inconsistent and varying adjudications and eliminate the possibility of repetitious litigation.

## PLAINTIFF'S AND THE CLASS MEMBERS' DAMAGES

84.    Plaintiff and the Class Members have suffered and/or will continue to suffer substantial economic losses as a result of Defendants' violation of the FLSA, NJWHL and/or NJWPL as set forth herein, including lost wages and overtime.

## COUNT ONE

### FAIR LABOR STANDARDS ACT
**(Failure to Pay Minimum Wage)**

85.    Plaintiff repeats the allegations of the prior paragraphs as if set forth herein.

86.    Pursuant to the FLSA, an employer must compensate employees for all hours worked at not less than the federal minimum wage. 29 U.S.C. § 206.

87.    Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 206, by failing to pay Plaintiff and the FLSA Class Members for all hours worked at the rate of at least the federal minimum wage as required by law.

88.    Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 206 was/is willful and was not based on any reasonable interpretation of the law.

89.    Plaintiff and the FLSA Class Members have suffered damages as a result of Defendants' unlawful conduct.

WHEREFORE, Plaintiff and the FLSA Class Members demand judgment against Defendants OceanFirst Bank, N.A., OceanFirst Financial Corp. and Jane/John Doe 1-5 for (i) compensation for all hours worked at the federal minimum wage, (ii) liquidated damages, (iii) pre-judgment and post-judgment interest (iv) attorney's fees and costs, (v) a tax gross-up and (vi) all such other relief as the Court deems equitable and just.

## COUNT TWO

### FAIR LABOR STANDARDS ACT
**(Failure to Pay Overtime)**

90.    Plaintiff repeats the allegations of the prior paragraphs as if set forth herein.

91.    Pursuant to the FLSA, any employee who works more than forty (40) hours in a given workweek is entitled to be compensated at a rate of 1 and 1/2 times his or her regular hourly rate for every hour worked over forty (40). 29 U.S.C. § 207.

92. The FLSA provides an exemption from overtime pay for employees who are *bona fide* (i) executive, administrative, professional and/or outside sales employees. 29 U.S.C. § 213.

93. To qualify for the exemption, executive, administrative and/or professional employees must be paid on a "salary basis" of not less than $684 per week. 29 C.F.R. § 541.600.

94. An employee will be considered to be paid on a "salary basis" if the employee regularly receives each pay period a "predetermined amount" that is not "subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a).

95. Plaintiff and the FLSA Class Members are not/were not *bona fide* executive, administrative or professional employees.

96. Plaintiff and the FLSA Class Members are not/were not paid on a salary basis.

97. To qualify for the outside sales exemption, the employee must be "customarily and regularly engaged 'away from the employer's place or places of business.' The outside sales employee is an employee who makes sales at the customer's place of business ... Thus, any fixed site, whether home or office, used by a salesperson as a headquarters or for telephonic solicitation of sales is considered

-17-

one of the employer's places of business, even though the employer is not in any formal sense the owner or tenant of the property." 29 C.F.R. § 541.502.

98. Plaintiff and the FLSA Class Members were not customarily or regularly engaged in outside sales away from OceanFirst's places of business as defined by 29 C.F.R. § 541.502.

99. Plaintiff and the FLSA Class Members are not/were not *bona fide* outside sales employees.

100. Plaintiff and the FLSA Class Members were not exempt from overtime pay under the FLSA.

101. Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 207, by failing to pay Plaintiff and the FLSA Class Members for overtime at a rate of 1 and 1/2 times their regular rate of pay for all hours worked in excess of 40 hours per week as required by law.

102. Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 207, was/is willful and was not based on any reasonable interpretation of the law.

103. Plaintiff and the FLSA Class Members have suffered damages as a result of Defendants' unlawful conduct.

WHEREFORE, Plaintiff and the FLSA Class Members demand judgment against Defendants OceanFirst Bank, N.A., OceanFirst Financial Corp. and Jane/John Doe 1-5 for (i) overtime compensation, (ii) liquidated damages, (iii) pre-

judgment and post-judgment interest (iv) attorney's fees and costs, (v) a tax gross-up and (vi) all such other relief as the Court deems equitable and just

## COUNT THREE

### NEW JERSEY WAGE AND HOUR LAW
**(Failure to Pay Minimum Wage)**

104.    Pursuant to the New Jersey Wage and Hour Law, an employer must compensate employees for all hours worked at not less than New Jersey's minimum wage. N.J.S.A. 34:11-56a4.

105.    Defendants violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4, by failing to pay Plaintiff and the NJ Class Members for all hours worked at the rate of at least New Jersey's minimum wage as required by law.

106.    Defendants' violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4, was/is willful and was not based on any reasonable interpretation of the law.

107.    Plaintiff and the NJ Class Members have suffered damages as a result of Defendants' unlawful conduct.

WHEREFORE, Plaintiff and the NJ Class Members demand judgment against Defendants OceanFirst Bank, N.A., OceanFirst Financial Corp. and Jane/John Doe 1-5 for (i) compensation for all hours worked at New Jersey's minimum wage, (ii) liquidated damages, (iii) pre-judgment and post-judgment interest (iv) attorney's

fees and costs, (v) a tax gross-up and (vi) all such other relief as the Court deems equitable and just.

## COUNT FOUR

### NEW JERSEY WAGE AND HOUR LAW
**(Failure to Pay Overtime)**

108.     Plaintiff repeats the allegations of the prior paragraphs as if set forth herein.

109.     Pursuant to the New Jersey Wage and Hour Law, any employee who works more than forty (40) hours in a given workweek is entitled to be compensated at a rate of 1 and 1/2 times his or her regular hourly rate for every hour worked over forty (40). N.J.S.A. 34:11-56a4.

110.     Plaintiff and the NJ Class Members are not/were not exempt from overtime under the New Jersey Wage and Hour Law.

111.     Defendants violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4, by failing to pay Plaintiff and the NJ Class Members for overtime at a rate of 1 and 1/2 times their regular rate of pay for all hours worked in excess of 40 hours per week as required by law.

112.     Defendants' violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a4, was/is willful and was not based on any reasonable interpretation of the law.

113.    Plaintiff and the NJ Class Members have suffered damages as a result of Defendants' unlawful conduct.

WHEREFORE, Plaintiff and the NJ Class Members demand judgment against Defendants OceanFirst Bank, N.A., OceanFirst Financial Corp. and Jane/John Doe 1-5 for (i) overtime compensation, (ii) liquidated damages, (iii) pre-judgment and post-judgment interest (iv) attorney's fees and costs, (v) a tax gross-up and (vi) all such other relief as the Court deems equitable and just.

## COUNT FIVE

### NEW JERSEY WAGE PAYMENT LAW
**(Failure to Pay Wages When Due)**

114.    Plaintiff repeats the allegations of the prior paragraphs as if set forth herein.

115.    The New Jersey Wage Payment Law requires an employer to pay all employees the full amount of wages when due. N.J.S.A. 34:11-4.2.

116.    Defendants violated the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.2, by failing to pay Plaintiff and the NJ Class Members for the full amount of wages due at the time they were due.

117.    Defendants' violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-4.2, was/is willful and was not based on any reasonable interpretation of the law.

118.    Plaintiff and the NJ Class Members have suffered damages as a result of Defendants' unlawful conduct.

WHEREFORE, Plaintiff and the NJ Class Members demand judgment against Defendants OceanFirst Bank, N.A., OceanFirst Financial Corp. and Jane/John Doe 1-5 for (i) payment of all wages due, (ii) liquidated damages, (iii) pre-judgment and post-judgment interest (iv) attorney's fees and costs, (v) a tax gross-up and (vi) all such other relief as the Court deems equitable and just.

McMORAN, O'CONNOR, BRAMLEY & BURNS, P.C.
Ramshorn Executive Centre
Building D, Suite D-1
2399 Highway 34
Manasquan, New Jersey 08736
Attorneys for Plaintiffs

By: _____
JUSTIN D. BURNS, ESQ.
MICHAEL F. O'CONNOR, ESQ.

Dated:  May 26, 2026

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that this matter is not the subject of any other action pending in court or any pending arbitration or administrative proceeding.

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1

The amount in controversy exceeds $150,000, exclusive of interest, costs and punitive damages.

McMORAN, O'CONNOR, BRAMLEY & BURNS, P.C.
Ramshorn Executive Centre
Building D, Suite D-1
2399 Highway 34
Manasquan, New Jersey 08736
Attorneys for Plaintiffs

By: _____
JUSTIN D. BURNS, ESQ.
MICHAEL F. O'CONNOR, ESQ.

Dated:  May 26, 2026

-23-

# EXHIBIT A

## OceanFirst Bank, N.A. and OceanFirst Financial Corp

## Plaintiff Consent Form

I, the undersigned, consent to be a party in a lawsuit against defendants OceanFirst Bank, N.A., OceanFirst Financial Corp. and any related entities and individuals (collectively "Defendants") in order to seek redress under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

I hereby designate McMoran, O'Connor, Bramley & Burns, PC ("Class Counsel") and other attorneys with whom the firm may associate to represent me for all purposes of this action and to make decisions on my behalf concerning the lawsuit and settlement.

I also consent to join any other related action against Defendants or other potentially responsible parties to assert my claim under the FLSA and for this Consent Form to be filed in any such action.

By: _____

Debra Gleason

Dated: May 26, 2026